IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ezzard Huffman, ) | Case No. 4:23-cv-00687-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael D. Plusnick, Ethel C. ) | |
| Plusnick, Progressive Northern ) | |
| Insurance Co., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion for summary judgment filed by Defendant Progressive Northern Insurance Co. ("Progressive"). [Doc. 18.] For the reasons explained below, the Court concludes that it lacks subject matter jurisdiction over this action and that the action should be remanded to the state court.

**BACKGROUND**

This case arises out of a motor vehicle collision that occurred on or about January 23, 2020, involving Plaintiff, a South Carolina citizen, and Defendants Michael D. Plusnick and Ethel C. Plusnick (the "Individual Defendants"), also South Carolina citizens. [Doc. 1-1 ¶¶ 1–3, 5.] At the time of the accident, Plaintiff had an underinsured motorist ("UIM") policy with Progressive, a citizen of Wisconsin. [Docs. 1-1 ¶ 15; 1 ¶ 5.] Plaintiff made a demand for policy limits but Progressive did not agree to pay the policy limits under the UIM policy. [Doc. 1-1 ¶¶ 17–18.]

Plaintiff filed his Complaint in the Horry Court of Common Pleas on January 20, 2023, alleging causes of action for negligence, gross negligence, and negligent entrustment against Ethel Plusnick; negligence, gross negligence, and negligence per se

against Michael Plusnick; and negligence, gross negligence, declaratory judgment, and bad faith against Progressive. [*Id*. ¶¶ 19–55.] Plaintiff seeks actual and punitive damages, attorneys' fees and costs, and any further relief the Court deems just and necessary. [*Id*. at 11.]

On February 20, 2023, Defendants removed the action to this Court, purportedly on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Doc. 1.] In their notice of removal, Defendants assert that the Court possesses subject matter jurisdiction, because although the Individual Defendants are citizens of South Carolina like Plaintiff, they were "improperly joined" and thus do not defeat diversity. [*Id.* ¶¶ 7–21.] Defendants argue that, under Rule 20 of both the Federal Rules of Civil Procedure and the South Carolina Rules of Civil Procedure, "[p]ermissive joinder of defendants is only allowed where the [p]laintiff's rights arise from the same transaction or occurrence and will involve common questions of law or fact." [*Id*. ¶ 9 (emphasis omitted).] Defendants assert that Plaintiff's claims against the Individual Defendants and Progressive arise from different transactions and do not involve common questions of law or fact, and that "[f]ederal courts may take jurisdiction of an improperly joined case that purports to destroy diversity jurisdiction through improper joinder/misjoinder." [*Id*. ¶¶ 10–11.] Plaintiff did not file a motion to remand or otherwise object to Defendants' notice of removal.

Progressive filed a motion for summary judgment on March 4, 2024, arguing that South Carolina does not recognize a bad faith cause of action for failure to pay UIM benefits before a judgment is entered against the insured and that Plaintiff cannot pursue bad faith and negligence actions against Progressive simultaneously. [Doc. 18-1 at 2–6.] Progressive also asks the Court to (1) sever Plaintiff's claims against Progressive from

2

his claims against the Individual Defendants, (2) remand Plaintiff's claims against the Individual Defendants to the state court for lack of jurisdiction, and (3) retain the claims against Progressive pursuant to the Court's diversity jurisdiction.  [*Id*. at 6; *see also* Doc. 1 ¶ 21.]  Plaintiff filed a response to the motion for summary judgment on April 1, 2024 [Doc. 21], and Progressive filed a reply on April 8, 2024 [Doc. 22].[1]  Progressive's motion for summary judgment is ripe for review.

## APPLICABLE LAW

**Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution or federal statute. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Because federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute," a federal court is required to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also* Fed. R. Civ. P. 12(h)(3).  There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A federal district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  In cases in which the district court's jurisdiction is based on

---

[1] This case was reassigned to the undersigned on May 31, 2024.  [Doc. 25.]

diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 350 F.3d 293, 298 (4th Cir. 2008). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

**Removal and Remand**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction and removal jurisdiction raises federalism concerns, there is no presumption that the District Court has jurisdiction and the Court must strictly construe the removal statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Strict construction of the removal statute results in any doubts about federal jurisdiction being resolved against removal, with the case being remanded to state court. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990). This is so because a federal court's jurisdiction under the removal statutes essentially amounts to an infringement upon state sovereignty. *See Shamrock Oil*, 313 U.S. at 108–09. "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F. Supp. 444, 445 (M.D.N.C. 1982). To ensure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil*, 313 U.S. at 109. As such, subject matter jurisdiction cannot be conferred by the parties,

nor can a defect in subject matter jurisdiction be waived by the parties. *See United States v. Cotton*, 535 U.S. 625, 630 (2002).

## DISCUSSION

Before the Court may consider Progressive's arguments in its motion for summary judgment, it must first determine whether it has subject matter jurisdiction over this action. *In re Bulldog,* 147 F.3d at 352 (explaining that a federal court is required to determine, sua sponte, whether it possesses subject matter jurisdiction). As noted, Defendants removed this action from state court, purportedly on the basis of diversity jurisdiction, despite the fact that Plaintiff and the Individual Defendants all share South Carolina citizenship. As such, because the diversity statute requires complete diversity of the parties, this Court does not have jurisdiction unless it concludes that Plaintiff's claims against the Individual Defendants were improperly joined in this action and should be severed and remanded to the state court.

**The Parties' Arguments**

In their notice of removal, Defendants contend that removal of this action was proper because there is complete diversity between Plaintiff and Progressive and because the amount-in-controversy threshold is met. [Doc. 1 ¶¶ 2–3.] Defendants argue that the Court should disregard the citizenship of the Individual Defendants because Plaintiff improperly joined them in this action. [*Id*. ¶¶ 7–21.] Specifically, relying on *Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *4 (D.S.C. June 30, 2015), Defendants contend that the Individual Defendants were improperly joined under either the "fraudulent joinder" doctrine or "fraudulent misjoinder" doctrine. [*Id*. ¶¶ 10, 14–19.] In the notice of removal and again in its motion for summary judgment, Progressive

asks the Court to sever Plaintiff's claims against the Individual Defendants, remand the Individual Defendants to state court, and retain Plaintiff's claims against Progressive.[2] [Docs. 1 ¶ 21; 18-1 at 6.]

As to Progressive's request to sever, Plaintiff argues that "[t]he underlying facts and the claims against Defendants are so intertwined, especially as it relates to damages" that "Plaintiff would suffer severe prejudice in severing the claims and judicial economy and efficiency would not be served." [Doc. 21 at 5.]

**Analysis**

For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction over this action because Plaintiff and the Individual Defendants are all citizens of South Carolina and neither the fraudulent joinder doctrine nor the fraudulent misjoinder doctrine apply to allow the Court to retain jurisdiction.

***Fraudulent Joinder***

The Court first considers whether the Individual Defendants were improperly joined under the fraudulent joinder doctrine. The fraudulent joinder doctrine enables a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (internal quotation marks omitted). The Fourth Circuit has described the analysis for the fraudulent joinder doctrine as follows:

---

[2] In its motion for summary judgment, Progressive asks the Court to grant summary judgment in its favor and dismiss it from this action. [*See* Doc. 18-1.] Because the Court concludes that it lacks subject matter jurisdiction over this action, the Court declines to address Progressive's arguments in its motion for summary judgment.

6

> To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. . . .  The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citations omitted).  In *Hartley*, the Fourth Circuit concluded that the removing defendant failed to make either showing.  *Id*. at 424–25.  Indeed, the Fourth Circuit emphasized, regarding the second showing, that "there need be only a slight possibility of a right to relief" and, "[o]nce the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends."  *Id*. at 426.  Further, the Court explained,

> [i]n all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact.  Allowing joinder of the [non-diverse] defendants is proper in this case because courts should minimize threshold litigation over jurisdiction.  Jurisdictional rules direct judicial traffic.  They function to steer litigation to the proper forum with a minimum of preliminary fuss.  The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper.  To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id*. at 425 (internal citations omitted).

Here, Defendants have failed to satisfy the "heavy burden" of showing fraudulent joinder.  *Hartley*, 187 F.3d at 424.  As to the first showing, Defendants have not suggested that the jurisdictional facts in the Complaint are falsely pled.  And, the Court concludes on its own review of the pleadings that Plaintiff's allegations do not constitute outright fraud.

7

As to the second showing, Defendants have not demonstrated that there is no possibility that Plaintiff could establish a cause of action against the Individual Defendants in state court. As stated, Plaintiff's Complaint pleads facially valid claims of negligence, gross negligence, negligent entrustment, and negligence per se against the Individual Defendants. [*See* Doc. 1-1 ¶¶ 19–43.] Relying on *Cramer*, Defendants argue that Plaintiff's claims against the Individual Defendants are misjoined with his claims against Progressive because a plaintiff is barred from bringing a bad faith action against its uninsured motorist carrier and a negligence action against the at-fault driver in the same lawsuit in South Carolina. [Doc. 1 ¶¶ 10–15]; *see* 2015 WL 3968155, at *5. However, the fact that the improper joinder of claims may violate the applicable joinder rules is not a basis for application of the fraudulent joinder doctrine. *See, e.g.*, *Pollock v. Goodwin*, No. 3:07- 3983-CMC, 2008 WL 216381, at *5 (D.S.C. Jan. 23, 2008); *McCoy v. Liberty Mut. Ins.*, No. 7:21-cv-01508-DCC-JDA, 2021 WL 7541174, at *8 (D.S.C. Sept. 2, 2021), *Report and Recommendation adopted by* 2022 WL 487006 (D.S.C. Feb. 17, 2022). As the court held in *Pollock*, under facts materially similar to those at issue here, improper joinder of valid claims against non-diverse tortfeasor defendants with insurance-related claims does not support a finding of fraudulent joinder under the standard expressed in *Hartley*. *See Pollock*, 2008 WL 216381, at *5; *see also Stallings v. Arch Ins.*, No. 2:21-3349-BHH, 2022 WL 4663250, at *4–5 (D.S.C. Sept. 30, 2022).

Accordingly, the Court concludes that Defendants have failed to make a showing that the Individual Defendants were fraudulently joined.

### *Fraudulent Misjoinder*

The Court next turns to whether Plaintiff's claims against the Individual Defendant were improperly joined under the fraudulent misjoinder doctrine. Even assuming Defendants' misjoinder analysis—that is, that Plaintiff's claims against an insurer on the one hand and an alleged tortfeasor on the other do not arise from the same transaction or occurrence and do not implicate common questions of law or fact—to be sound, the Court declines to adopt the fraudulent misjoinder doctrine to retain jurisdiction in this case.

"[F]raudulent misjoinder has thus far not been widely recognized in the federal courts." *Stallings*, 2022 WL 4663250, at *3 (internal quotation marks omitted). The circuit courts addressing this issue have reached differing results, with the Eleventh Circuit adopting the doctrine, the Fifth Circuit rejecting it, and the Eighth Circuit declining to adopt or reject it. *Compare Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), *with Williams v. Homeland Ins. Co.*, 18 F.4th 806, 814–17 (5th Cir. 2021) *and In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 621–22 (8th Cir. 2010). "The Fourth Circuit Court of Appeals has not addressed this issue, and while some district courts in South Carolina have applied it, other district courts have declined to adopt it." *Stallings*, 2022 WL 4663250, at *3 (collecting cases).

The Court agrees with Judge Lewis's 2022 decision adopting the reasoning in the Fifth Circuit's *Williams* decision and rejecting the doctrine of fraudulent misjoinder:

> In *Williams*, the Fifth Circuit reasoned that the doctrine of fraudulent misjoinder "upends [the] rules on removal" by "allowing a federal district court to engage in significant procedural wrangling in order to *create* jurisdiction[.]" 18 F.4th at 816. It determined that "[s]tate courts (courts of *general* jurisdiction) are certainly able to address these [procedural]

9

> issues, and respecting state court resolution of state law issues is a bedrock principle of our federal system." *Id.* The court also notes that lower courts have received *Tapscott* unfavorably "[f]or good reason: it's a usurpation of the traditional ability of state courts to resolve procedural questions central to the administration of their cases." *Id.*
>
> The Fourth Circuit emphasizes that the removal statutes must be strictly construed. *Dixon*, 369 F.3d at 816. The Court determines the reasoning in *Williams* is consistent with Fourth Circuit jurisprudence and thus refrains from adopting the fraudulent misjoinder doctrine.

*S. Insulation, Inc. through Protopapas v. OneBeacon Ins. Grp.,* No. 3:22-01308-MGL, 2022 WL 16798468, at *2 (D.S.C. Nov. 8, 2022) (alterations in original).

In addition to the reasons that *Williams* outlines for rejecting the fraudulent misjoinder doctrine, the Court observes a further reason to doubt that Congress intended that removal would be appropriate in a case such as this one. As Judge Currie explained on facts similar to those of the present case:

> [I]t appears that the complaint asserts what might fairly be characterized as "separate and independent claims." *See* 29A Federal Procedure, Lawyers Edition § 69:47 ([Westlaw] 2007) ("Whether the complaint discloses a single wrong or multiple wrongs to the plaintiff is the test of the existence of a separate and independent claim or cause of action under 28 U.S.C.A. § 1441(c)."). Removal of separate and independent claims is allowed despite the joinder of those claims with a non-removable claim but *only* when the court's subject matter jurisdiction is founded on 28 U.S.C. § 1331 (federal question jurisdiction). *See* 28 U.S.C. § 1441(c). This results from a 1990 amendment which restricted the reach of Section 1441(c). 29A Federal Procedure, Lawyers Edition § 69:41 ("Since its 1990 amendment, 28 U.S.C.A. § 1441(c) does not permit the removal of a separate and independent claim based on diversity of the parties.")

10

*Pollock*, 2008 WL 216381, at *5.[3]  Judge Currie added that remanding cases such as these to state court "does not preclude removal" entirely but merely "precludes removal unless and until" the state court issues a severance order.  *Id.* at *6 n.7.  Especially given the strict construction that courts are required to give to removal jurisdiction, this appears to the Court to be the proper approach.

Therefore, even assuming Plaintiff's claims are improperly joined, the Court declines to apply the fraudulent misjoinder doctrine as a basis for retaining jurisdiction for the reasons discussed above.  *See S. Insulation,* 2022 WL 16798468, at *2 ("The Court declines . . . to sever this action into sets of diverse and non-diverse defendants, retaining subject-matter jurisdiction over the diverse defendants and remanding the rest.  Such a Frankensteinian approach would undermine the goals of comity and federalism that underlie the limited exercise of subject-matter jurisdiction by federal courts.").

### *Remand*

Based on the foregoing, this action is remanded to the state court because this Court lacks subject matter jurisdiction over the action.[4]  Although none of the parties to this action have filed a motion to remand or challenged this Court's jurisdiction, the Court should remand a case sua sponte when it lacks jurisdiction to hear the case.  *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).  Here, there

---

[3] Congress amended 28 U.S.C. § 1441 again in December 2011.  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).  However, the changes do not undercut Judge Currie's conclusion that § 1441(c) indicates that Congress did not intend to allow removal under the fraudulent misjoinder doctrine.

[4] Defendants removed this action on the basis of diversity jurisdiction and has not argued that the Court has federal question jurisdiction under 28 U.S.C. § 1331.  Further, it does not appear to the Court that any federal question is raised on the face of the Complaint.

11

is not complete diversity among the parties under 28 U.S.C. § 1332 because Plaintiff and the Individual Defendants are all citizens of South Carolina.[5] *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants."). Therefore, the Court remands this matter to the Horry County Court of Common Pleas.

## **CONCLUSION**

Accordingly, because this Court lacks subject-matter jurisdiction, this action is REMANDED to the Horry County Court of Common Pleas.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

February 11, 2025
Florence, South Carolina

---

[5] Because the lack of diversity of the parties is dispositive, the Court does not consider whether the amount in controversy is met in this case.